*Weng v. Lynch*

BIA
Christensen, IJ
A200 171 300

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of August, two thousand fifteen.

PRESENT:
        JON O. NEWMAN,
        RICHARD C. WESLEY,
        GERARD E. LYNCH,
                *Circuit Judges.*

_____

ZHEN TAO WENG, AKA WENG ZHENTAO,
        *Petitioner,*

        v.                                    14-2271
                                              NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:         Michael Brown, Law Office of Michael
                        Brown, New York, New York.

FOR RESPONDENT:         Benjamin C. Mizer, Acting Assistant
                        Attorney General; Kiley Kane, Senior
                        Litigation Counsel; Ann M. Welhaf,

Civil Division, Office of
Immigration Litigation, United
States Department of Justice,
Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zhen Tao Weng, a native and citizen of the People's Republic of China, seeks review of a May 28, 2014, decision of the BIA affirming an August 21, 2012, decision of an Immigration Judge ("IJ") denying Weng's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhen Tao Weng,* No. A200 171 300 (B.I.A. May 28, 2014), *aff'g* No. A200 171 300 (Immig. Ct. N.Y. City Aug. 21, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curiam). For

2

asylum applications like Weng's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances . . . base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account," and inconsistencies in an applicant's statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. Here, the agency's adverse credibility determination is supported by substantial evidence.

Weng sought asylum and related relief based on his practice of Christianity. The IJ reasonably relied on discrepancies among Weng's testimony, the testimony of his friend, Ni Sha, and Ni Sha's affidavit in denying his claim. Ni Sha testified at a hearing on August 15, 2012, that she went to church with Weng on August 6, 2012, just nine days before. However, she signed an affidavit earlier that same day, August 6, attesting to her attendance before she ever went to church with Weng. Both Weng and Ni Sha testified that they saw each other for the first time at church, but, when confronted with Ni Sha's

affidavit, admitted that they first saw each other at Weng's attorney's office, earlier on August 6, where Ni Sha signed the affidavit. The IJ reasonably found that these discrepancies cast doubt on the heart of Weng's claim — that he was a practicing Christian and also undermined his claim that he would be singled out for persecution in China on that basis. *Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (per curiam). The IJ was not required to credit Weng's explanation for these discrepancies — that he thought he was being asked about the first time he saw Ni Sha at church — because it was unpersuasive: he was asked about the first time he saw Ni Sha on August 6, not the first time he saw her at church, and the epidode occurred just nine days prior to the hearing.

The IJ also did not err in finding that Weng's corroborating evidence was insufficient to rehabilitate his incredible testimony. *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (per curiam). Weng submitted a letter from his church in Michigan welcoming him after his first visit, but presented no witnesses from that church to establish that he attended more than once. He also submitted a letter from his church in Brooklyn stating that he attended since January 2011, but again

4

presented no witnesses to corroborate that fact (Ni Sha merely testified that she attended church with him on August 6, 2012). He testified that the underground church he attended in China was raided and police were informed that he attended the church (thus leading him to apply for asylum), but submitted no statements from anyone who attended the church.

Considering the discrepancies in the record, Weng's insufficient explanation, and his failure to submit corroborating evidence to rehabilitate his testimony, the IJ's adverse credibility determination is supported by substantial evidence. *Xiu Xia Lin*, 534 F.3d at 155-56. The agency did not err in denying asylum, withholding of removal, and CAT relief because those claims were based on the same factual predicate. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5